**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: Gloria P. Johnson and Aaron P. Warren : | |
| **Debtors** : | |
| : | CHAPTER 13 |
| US Bank Trust National Association, : | |
| As Trustee of the Cabana Series III Trust : | |
| **Movant** : | Case No. 16-13900-AMC |
| v. : | Hearing Date: 03-24-2020 at 11:00 am |
| : | |
| Gloria P. Johnson and Aaron P. Warren : | 11 U.S.C. 362 |
| **Respondents** : | |
| : | |

**SUPPLEMENTAL ANSWER TO MOTION FOR STAY RELIEF**

1.  Movant has placed the question of equity central to whether movant's interest is adequately protected from harm because of the stay. Movant fails to carry the initial burden of production to move forward and it's request for stay relief should be denied.

2.  Movant has indicated the outstanding balance of its mortgage is $55,246. See ¶ 7 MFRS.

3.  Movant has indicated the Real Property value is $79,207. See ¶ 8 MFRS.

4.  The property's value, $79,207 subtracted by its mortgage balance, $55,246 equals $23,961.

5.  Movant's position is that equity in the property is $23,961. See ¶ 7, 8, MFRS.

6.  Debtors agrees with Movant that the property has a minimum equity cushion of $23,961 but the actual equity cushion is more likely to be $71,606 based upon recent valuations. See Exhibit L - Refin Property Valuation.

7.  Debtors position is that equity cushion in the property is $71,606. See Exhibit L.

8. Debtors assert that the equity in the property by itself provides adequate protection; creditors interest is adequately protected; and stay relief should not be lifted for this reason.

9. Debtors have provided 12 months of bank statements with "BSI Financial" confirmation numbers on said bank statements confirming all alleged missed payments. See. Exhibits A - K.

10. Movant's refusal to accept / process / credit the aforementioned payments accurately should preclude it from relief from the stay at this time.

11. It is Debtors contention that these sort of accounting errors are widespread within BSI Financial and lack a proper inquiry pursuant to Rule 9011.

12. Movant's practices appear similar to HSBC in *In re Taylor*. See *In re Taylor,* 407 B.R. 618 (Bankr. E.D. Pa. 2009) (local law firm which filed stay relief motion lacked access to servicer's software system, including account loan history used by national default service firm to prepare proof of claim), aff'd, 655 F.3d 274 (3d Cir. 2011).

13. There is no propriety to this Stay Relief Motion and it should be denied with further relief as the Court sees fit.

WHEREFORE, debtor requests that the motion for relief from the automatic stay be denied.

Respectfully submitted,
Stephen M. Dunne, Esquire
/s/ Stephen M. Dunne
1515 Market Street, Suite 1200
Philadelphia, PA 19102